IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDMUNDO MONTGOMERY RANCE,
    Petitioner,

vs.                                    5:05cv103/SPM/MD

JOSE BARRON and ALBERTO
GONZALEZ,
    Respondents.

## REPORT AND RECOMMENDATION

    This matter is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1).  Respondents filed an answer (doc. 8), but petitioner has not filed a reply, despite having been afforded the opportunity to do so.

    Petitioner Edmund Montgomery Rance is currently serving a 108 month term of imprisonment after his conviction of conspiracy to possess with intent to distribute five kilograms or more of cocaine in the United States District Court for the Southern District of Florida.  He was arrested and released on bond on these charges, and subsequently fled to Jamaica, where he was later arrested and extradited to the United States.  Through the instant petition, petitioner seeks jail time credit (JTC) toward his current federal sentence for the period of time he claims he was in the custody of Jamaican authorities. He maintains that he was in Jamaican custody from July 29, 2002 through August 19, 2003 (385 days) at the request of the United States government.

    Respondents note that the Bureau of Prisons ("BOP") has been able to verify that petitioner was in the custody of Jamaican authorities from November 21, 2002 through August 18, 2003 and that the BOP has already granted petitioner JTC for that period.  As

of the date of the response, electronically filed on August 19, 2005, BOP staff had been unable to verify whether the petitioner was also in custody in Jamaica from July 29, 2002 through November 20, 2002. Respondents indicate that the BOP has been working with the U.S. State Department's Office of International Affairs (OIA) to verify the petitioner's contentions about his custodial status during that time. They readily concede that petitioner would be entitled to JTC if he was in custody as he maintains, but note that without such verification the BOP cannot by law award petitioner credit for this period of time. Because the BOP's investigation into petitioner's claim is continuing, respondents maintain that the petition is not ripe for review. They also maintain that petitioner has not properly exhausted his administrative remedies because he failed to submit during the administrative process copies of certain documentation that he submitted with the instant petition, and which might have been useful in the investigation of his claim. Respondents note that the BOP had closed its investigation with respect to petitioner's claim of entitlement to foreign jail credits on July 12, 2005 because his claim appeared to have no merit. (Doc. 8, exh. 6, memorandum from Randall G. Powers, Assistant Administrator to the file, dated July 12, 2005). However, the investigation was re-opened shortly thereafter once the Inmate Systems Office Branch became aware of the instant petition and attachments, which contained information that previously had not been provided. (Doc. 8, exh. 7, memorandum from Powers to the OIA, July 21, 2005).[1] From the response, then it appears that the BOP is still actively working to ensure petitioner receives all JTC to which he is entitled.

The Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). As a

---

[1] Six months have elapsed since the respondents filed their response. Nothing further has been filed by either party indicating whether the investigation is now complete. Because the defendant's projected release date is still reflected as September 9, 2010 (see www.bop.gov/iloc2/LocateInmate.jsp, reflecting same release date as doc. 8, exh. 1 at 1), the court surmises that either the defendant's claim was found to be without merit or it is still under investigation. In any event this does not change the fact that the claim was not administratively exhausted at the time petitioner filed this case, as discussed herein.

result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *United States v. Williams,* 425 F.3d 987, 990 (11th Cir. 2005) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir.1989) (interpreting § 3585(b)'s predecessor, § 3568)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (quoting *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). "Exhaustion of administrative remedies is jurisdictional," and a case where a petitioner has failed to exhaust his administrative remedies is not ripe for review. *Id.* (quoting *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992)). Exhaustion must take place before filing suit. See *Gonzalez*, 959 F.2d at 212 (holding that because exhaustion is jurisdictional, a prisoner who was denied parole was required to exhaust administrative remedies prior to filing § 2241 petition).

Petitioner has not responded in opposition to the reply to challenge the respondents' contention that the matters raised in this petition are still under investigation or that his administrative remedies have not yet been fully exhausted. There being nothing in the record to indicate otherwise, the court concludes that petitioner's claim was not properly exhausted before filing suit, and that this case should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus be DENIED without prejudice due to petitioner's failure to exhaust his administrative remedies prior to filing suit.

At Pensacola, Florida, this 28th day of February, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:05cv103/SPM/MD*

*Page 4 of 4*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).